## Edward W. Morrison

### *v.*

## The City of Chicago.

*Filed at Ottawa October 31, 1891.*

1. Practice—*of notice of setting cause for trial.* On September 22, 1890, an order of the circuit court of Cook county was entered that all city condemnation cases appearing on the calendars be stricken therefrom, and that all the cases be set for trial before Judge Tuthill on the first day of the October term, (October 20,) in the order as set down on calendar of said cases. The particular cause was reached November 5, 1890, on the regular call, and in the absence of defendant a jury was selected, sent out to view the premises, and several witnesses examined, when the court adjourned. On the opening of court the next day defendant appeared and moved the court for a *venire de novo,* which was denied. The order of September 22 was duly published in the *Daily Law Bulletin,* with the announcement that a calendar of such cases had been prepared for distribution. Defendant's case appeared in such calendar, and his counsel had a copy thereof: *Held,* that defendant had sufficient notice that the case was liable to be called for trial, and that the court properly overruled his motion and proceeded with the trial.

2. Same—*publishing call of cases in the Law Bulletin—mistake in name.* The fact that there was a mistake as to the defendant's name in the case, as appeared in an announcement in the *Law Bulletin* of the time the cases were set for call, unless it is shown that the publication was sanctioned by the court, affords no sufficient excuse for the defendant not being present when the case was actually called for trial.

Appeal from the Circuit Court of Cook county; the Hon. Richard S. Tuthill, Judge, presiding.

Mr. S. K. Dow, and Mr. Josiah Burnham, for the appellant.

Mr. F. E. Halligan, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was a proceeding instituted by the city of Chicago, in the circuit court of Cook county, for the ascertainment of the cost of opening an alley in blocks 7 and 8, school section ad-

dition to Chicago. The petition was filed December 27, 1889, and the general number of the case was 78,166. The petition contained a list of six names, including Edward W. Morrison, the appellant, a part of whose property it was proposed to take.

On the 22d day of September, 1890, an order of court was entered, as follows: "That all city condemnation cases appearing on the present law calendars be stricken from said calendars, and that all said cases be and the same are hereby set for trial before Judge Tuthill on the 1st day of the October term, (October 20,) in the order as set down on calendar of said cases as prepared." On Wednesday, November 5, 1890, the cause was reached on the regular call of the calendar for trial. The appellant and his counsel were absent, but other defendants to the proceeding were present, and counsel for the city was present and ready for trial. A jury was selected, sent out to view the premises, and several witnesses were examined for the city and cross-examined by counsel representing other defendants, when court adjourned until the next day. Upon the opening of court on the next morning appellant appeared in court and moved the court for a *venire de novo* as to his property, which motion was denied, and appellant excepted. This ruling of the court is the principal alleged error relied upon to reverse the judgment.

It appears from the record that the order of September 22, 1890, was duly published in the *Daily Law Bulletin*, with the announcement that a calendar of such cases had been prepared for distribution; that this case, with its proper number and title, appeared on said calendar, and that counsel for Morrison had a copy of the calendar, had been watching the case, and had prepared for its trial. From these admitted facts in the record it is apparent that it was the duty of appellant to be in court on the day the case was reached on the call of the calendar for trial. He had all the notice that the case was liable to be reached that in reason he could expect, and when the case was reached the court could not be expected

to postpone the case, or wait until it suited the convenience of counsel or their client to appear for trial. We think the court did right in proceeding with the trial when the cause was regularly reached on the calendar, and when counsel appeared the second day of the trial the court was under no obligation to award a *venire de novo*.

It is contended, however, that counsel for appellant were misled by a publication in the *Law Bulletin*. The *Law Bulletin* of Friday, October 31, under the name of "Judge Tuthill" in the call contained the following: "Wednesday, city condemnation cases 78,163, 78,165, 78,166, and no case on trial." In the *Law Bulletin* of Saturday, September 1, 1890, this case was announced, among others, as "78,166, City *v.* Thompson," and in the *Bulletin* of Monday, November 3, was same entry, (Tuesday, November 4, was election day, and no *Bulletin* issued.) In the *Law Bulletin* of Wednesday, November 5, 1890, the entry appeared as "78,168, City *v.* Morrison, on trial."

The publication on Friday before the trial showed that case 78,166 (the cause in question) was in the call for the following Wednesday, the day the case was reached, and had counsel given due regard to this notice they would not have been misled. But in the *Bulletin* of Saturday and Monday, as the case 78,166 was published as City *v.* Thompson in lieu of City *v.* Morrison, they claim to have been misled. The fact that it was announced that case 78,166 was set down for call on Wednesday was enough to require counsel to make inquiry, and learn definitely whether the case was on the call or not, and as they failed to do so they alone are to blame. But if they were misled by the *Bulletin* it does not appear that the court had anything to do with the publication made in that paper, and if the court never authorized or sanctioned the publication, the fact that counsel or parties may have been misled formed no reason why the court should be delayed in its business, nor was it any ground for granting the application of appellant when he appeared on the second day of the trial.

It is also claimed that the verdict is against the weight of evidence. There is a conflict in the evidence as to the value of the property taken and as to the damages to the property not taken, but we are not prepared to say, in view of the fact that the jury went upon and examined the premises, that the judgment should be reversed on the ground that it is against the weight of evidence.

The judgment will be affirmed.

*Judgment affirmed.*